[Crim. No. 3532. Second Dist., Div. Three. Jan. 30, 1942.]

THE PEOPLE, Respondent, v. CLIFFORD WILLIAM VAN OSDOLL, Appellant.

Neil G. McCarroll for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

SCHAUER, P. J.—Defendant appeals from the judgment pronounced after he was found guilty of (1) violation of section 500 of the Vehicle Code (negligent homicide) and (2) violation of section 501 of the Vehicle Code ("drunk driving").

The sole ground of appeal is alleged insufficiency of the evidence to support the judgment, and the only particular wherein the sufficiency of the evidence is challenged is that which identifies the defendant as the driver of the culpably operated automobile. The judgment must be affirmed.

No witness was produced who testified that he had seen and recognized the defendant as the driver of the automobile while it was in motion. The defendant himself testified that he owned and had driven the car from the city of Glendale to a point about eight miles south of the town of Palmdale, and that there, after a brief stop, he and his companion, one Odin Hatfield, who was the brother - in - law of defendant, exchanged places and that Mr. Hatfield was driving, with defendant riding as a passenger, at the time of an accident in which the former was fatally injured. Immediately after the crash the defendant stepped out of the car and during the ensuing several minutes he told various persons that he was the driver; to quote his own language as a witness, he testified, "I told everybody that I met that I was driving." Defendant further testified, however, in effect, that he made such statements not because they were true but because he "felt morally responsible for the whole thing."

On this appeal it is argued that the evidence, other than defendant's extrajudicial admissions, not only fails to prove that defendant was driving at the time of the collision but by a clear preponderance establishes the untruth of defendant's admissions and the truth of his presently asserted hypothesis that he was the passenger and Hatfield the driver. The evidence from which defendant draws his inferences is in substance as follows: Defendant was only slightly injured, while the decedent suffered a broken leg and severe head and chest injuries; photographs of the car in which they were riding show that most of its damage was on its left side; the steering wheel was bent, and the windshield, which was in two sections, was more extensively damaged in the left than in the right section; defendant's exhibits A and B (photographs) disclose a jagged hole near the right side of the left section adjacent to the center post. It may be inferred

that it was decedent's body which crushed the steering wheel and decedent's head which crashed the glass. *But that does not place him in the driver's seat.*

The evidence shows without contradiction that when the collision occurred defendant's car, traveling between fifty and sixty miles per hour, was endeavoring to negotiate a curve to the right—a turn in a cut *from south towards the north on the west slope of a hill*—a curve sharp enough that the car at its operating speed left the right side of the highway and bulged out left of the center line into the southbound traffic lanes where its front and left sides collided with an approaching car. Reasonable inferences would be that inertia and centrifugal force combined to throw the passenger sitting on the right side, who apparently was not protected by a safety belt or other support, forward and to the left, crashing him into the steering wheel, dashboard, and windshield, and that the driver, braced by the door at his left and the wheel in front, could well have escaped with less injury than his unfortunate companion.

In addition to the circumstances related, a witness, Thomas McConnell, testified that immediately after the collision he saw defendant "get out on the lefthand side, walk around to the front and open the door" on the right side and that at that time the decedent was sitting "practically in the center" of the front seat. Another witness, Mrs. Lyon, saw one of two persons in defendant's car leave it by the left door; she did not recognize defendant but she did state that the person remaining in the car, on the righthand or passenger side, was the decedent Hatfield. Although Mrs. Lyon apparently became somewhat confused between right and left a fair import of her testimony places defendant at the left or driver's position and the decedent in the center of the seat. Such uncertainties and inconsistencies as appear in her narrative may have affected its weight but they are not such as to render its evidentiary value legally unsubstantial.

The position of the two automobiles after the collision, more or less side by side athwart the east side of the highway, heading east, with the defendant's car two or three feet nearer than the other to the bank at the edge of the highway, is not inconsistent with the testimony of either Mr. McConnell or Mrs. Lyon. In view of the position of the vehicles, facing the bank with defendant's car several feet closer to it than was the car in which Mrs. Lyon was seated, her state-

ment that the "other man" (defendant) "got out next to the bank" is certainly not inconsistent with Mr. McConnell's testimony that defendant got out on the left and walked around the front of his car. The witness Brown, who did not see the crash but arrived shortly afterward, testified that the left front door of defendant's car was open. In the light of this testimony and other evidence, the trial judge was not bound, as argued by defendant, to find that the two automobiles were so close together as physically to have precluded defendant from leaving his car via the left door.

Even without defendant's admissions we find the evidence ample to support the convictions. The judgment is affirmed.

Shinn, J., and Wood (Parker), J., concurred.